Francisco Rosario et al., Plaintiffs and Appellants, *v.* Regino Vega et al., etc., Defendants and Appellees.

No. 5948. Argued December 5, 1933.—Decided January 17, 1935.

*Molina, Dubón & Ochoteco* for appellant. *Miguel Guzmán Texidor* for appellees.

Mr. Justice Wolf delivered the opinion of the Court.

Some of the assignments of error raised on this appeal involve questions presented but not discussed by the court in its opinion. The case was disposed of principally upon the theory that in an action to restrain proceedings had in another suit the plaintiffs were not sufficiently diligent and had not exhausted their remedies at law, and, hence, were not entitled to the preliminary injunction that they sought. We agree. Nevertheless the appellees could have aided us by pointing out that the other assignments did not fundamentally affect the disposition. The appellees filed no brief.

The appellants were defendants in the suit ending in the judgment whose execution they tried to prevent by injunction. Briefly, Regino Vega obtained a judgment in the Mu-

nicipal Court of Cayey against the defendants, numbers of a mercantile firm. The debt was clearly one of the firm. Upon being sued the appellants did not answer, their default was noted, they were notified, and then the Secretary of the Municipal Court entered judgment against them. The claim was for a balance of $150 and for fees and costs amounting to $100. No appeal was taken from the judgment and no attempt made to have it corrected or revised in the municipal court, supposing that errors of jurisdiction or otherwise arose. It was only when a writ against a certain piece of property was placed for execution in the hands of the marshal that the appellants became active and tried to obtain the injunction actually, denied by the court. The marshal was made a party.

The assignments of error were to the effect, 1st, that before executing, the marshal should have attached the property; 2nd, that as the debt was one of a firm, discussion of the assets of the firm should have first taken place; 3rd, that the judgment was joint (*mancomunada*) and not several (*solidaria*), and that the judgment itself was not several; 4th, that judgment entered by the secretary was in excess of his jurisdiction; 5th, that the failure to issue the injunction would cause appellants irreparable damages; that they would be deprived of property without due process; that they had a homestead right in the property and that they would have to begin innumerable actions to obtain the desired nullities, etc.

▆ Now, it is clearly evident that a little activity in the municipal court, an appeal to the District Court, or supposing jurisdictional matters, a motion to the Municipal Court would have availed appellants. Persons seeking injunctions must show they displayed diligence. This is the jurisprudence of this court and generally. *Escobar* v. *Gámbaro*, 22 P.R.R. 528.

▆ The court below was slightly mistaken in holding that on consideration of the right to a preliminary injunction it ought not to prejudge the ultimate right of a plain-

tiff. If the complaint and the proof present no adequate case for an injunction the court may say so at once, and leave it open for the plaintiff to amend or to present fresh proof at a final hearing. Frequently the granting or denial of a preliminary injunction will halt the losing party for all time.

██ The court did discuss a question of jurisdiction, so far as the judgment was concerned and also considered the alleged homestead right.

In their complaint the appellants alleged that the judgment was rendered in excess of the jurisdiction of the secretary of the municipal court in that it mulcted the defendants in the sum of $100 for fees. In this court the appellants allege that, while the agreement was for $100 to include fees and costs the secretary not only entered a judgment for $100 to include fees and costs, but also mulcted the defendants in costs generally.

Now the court below in disposing of the question as raised before it, held that the defendants did not show diligence at any time; that they did not answer, file a motion for new trial, or take any other step to protect their supposed rights. The idea was that to obtain an injunction, as we have said, the defendants must display diligence, citing *Escobar* v. *Gámbaro, supra.* We think the court was right, especially as the jurisdictional point now raised was not presented to it. Perhaps if a perfectly clear lack of jurisdiction was alleged and the records showed it, in special cases the injunction might issue, despite the lack of diligence.

Examining the judgment in the municipal court we find the following: "mulcting the defendants in the sum of $150, principal sum, and $100 for the fees agreed upon and the costs." It is possible that the figure "$100" might be interpreted conjunctively as including fees and costs. We think the court, and perhaps originally the parties, understood it that way, but the execution papers show an additional amount of $3 for costs.

872

It is evident that the secretary had a right to enter a judgment for $150 and $100 for costs and fees together. The addition of the "costs" in general was a more error and did not affect retroactively the right of the secretary to enter a judgment. The mistake was readily susceptible of correction and we think the plaintiff at any time might have remitted the $3.

As the alleged want of jurisdiction is limited to this error the lack of diligence would in any event cover the refusal of the court to issue an injunction.

So far as the homestead right was concerned, we think this could be reached directly by a proceeding in the municipal court as the judge held, and in any case, did not give plaintiffs a right to an injunction under the recited circumstances.

■ No previous attachment of the property sought to be executed was necessary, but a levy was sufficient. *Martínez* v. *Registrar*, 44 P.R.R. 616; *Font* v. *Rosales Cueli*, 42 P.R.R. 606.

■ The judgment must be considered as several. *Franceschi* v. *Mercado*, 45 P.R.R. 414.

We shall not attempt, after a several judgment has arisen, to treat the matter of discussion, especially as a sufficient right to an injunction was not shown.

The judgment will be affirmed.